Harry M. Baumgartner, Esq. (HB 7494)
BRESSLER, AMERY & ROSS, P.C.
325 Columbia Turnpike
Florham Park, New Jersey  07932
P.O. Box 1980
Morristown, New Jersey  07962
(973) 514-1200
Attorneys for Plaintiffs
Kinekt Design, LLC and Glen Liberman

| | |
|---|---|
| KINEKT DESIGN, LLC and GLEN LIBERMAN, | UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY |
| Plaintiffs, | Civil Action No. 11-4658 (SRC) |
| v. | **ORDER FOR PERMANENT INJUNCTION AND ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT VERLYN KELLY MASON** |
| VERLYN KELLY MASON, | |
| Defendant. | |

**THIS MATTER**, having been opened to the Court by Plaintiffs Kinekt Design, LLC, and Glen Liberman (collectively, "Plaintiffs"), by and through their attorneys, Bressler, Amery & Ross, P.C., for an Order Granting Permanent Injunction and Entry of Default Judgment against Defendant Verlyn Kelly Mason ("Defendant"); and the Court having considered the submissions of counsel for Plaintiffs and the facts as set forth in the Verified Complaint; and the Court having previously found that Defendant infringed upon United States Patent No. D639,199 held by Plaintiffs (the "Patent") in violation of 35 U.S.C. §271, causing Plaintiffs to suffer continuing and irreparable harm and necessitating the issuance of an Order Granting Preliminary Injunction, dated September 7, 2011; and the Defendant having subsequently failed to respond to or fulfill the requirements of said Order; and the Defendant having failed to Answer the Verified Complaint, resulting in the entry of a Clerk's Order Granting Entry of Default, dated January 19, 2012; and the Court having further found that, as a result of and in addition to the foregoing, the Defendant willfully infringed

upon the Patent, thereby entitling Plaintiffs to attorneys' fees pursuant to 35 U.S.C. § 285; and for good cause shown:

**IT IS ON THIS** 18th day of June, 2012:

**ORDERED** that the Patent is and remains valid and enforceable; and it is further

**ORDERED** that Defendant has infringed, and has induced others to infringe, the Patent; and it is further

**ORDERED** that Defendant, and all others in privity or participation with Defendant or on Defendant's behalf who receive actual notice or knowledge of this Order, be and are hereby immediately:

1. Permanently restrained and enjoined from:
    a. Promoting, manufacturing, selling, advertising, offering for sale, distributing, shipping, or delivering any product that infringes upon the Patent, including, in particular, the "gear ring" that is the subject matter of the Verified Complaint, in the United States or any other country or jurisdiction;
    b. Engaging in any acts or activities directly or indirectly calculated to trade upon the Patent or otherwise engaging in the infringement of the Patent in the United States or any other country or jurisdiction, including inducing or encouraging others to infringe upon the Patent; and it is further

**ORDERED** that Defendant should fail to adhere to the foregoing restraints ~~shall result, at minimum, in an Order of Sanctions requiring the repayment of lost profits suffered by~~ plaintiffs may seek to held defendant in contempt and apply for any relief authorized by law including ~~Plaintiffs or a reasonable royalty fee, both of which shall be multiplied by a factor of three (3), plus an award of interest, attorneys'~~ fees, costs, and such other damages or sanctions deemed appropriate by the Court; and it is further

**ORDERED** that, having considered the proofs submitted by Plaintiffs, and having further found the Defendant willfully infringed upon the Patent and willfully failed to comply with the

Order Granting Preliminary Injunction entitling Plaintiffs to an award of attorneys fees, Default Judgment is hereby entered in favor of Plaintiffs and against Defendant in the amount of $21,980.41 ("Default Judgment Amount"); and it is further

**ORDERED** that Plaintiffs' counsel shall served a copy of this Order on Defendant within five days of receipt, and that electronic or overnight mail shall be deemed effective service; and it is further

~~**ORDERED** that Defendant shall have 30 days from receipt of this Order to pay the foregoing Default Judgment Amount by certified check payable to Trust Account of Bressler, Amery & Ross, P.C., and received by Plaintiffs' counsel, Harry M. Baumgartner, Esq., Bressler, Amery & Ross, P.C., 325 Columbia Turnpike, Florham Park, NJ 07932; and it is further~~

~~**ORDERED** that the failure of Defendant to fulfill the requirements of this Order shall be deemed Contempt of Court, and that, upon application of Plaintiffs' counsel, Defendant shall be subject to (a) a fine of $100 for each day Defendant remains out of compliance, payable to the United States District Court, District of New Jersey, (b) an Order granting an award of such additional attorneys' fees as are necessary to enforce the within Order and Default Judgment; and it is further~~

**ORDERED** that the Clerk of the Court is hereby authorized to return to Defendants the $5,000 bond filed with the Court; and it is

**ORDERED** that the Court shall retain jurisdiction in this matter for the purpose of enforcing its terms; and it is further

**ORDERED** that Plaintiffs' counsel shall served a copy of this Order on Defendant within five days of receipt, and that electronic or overnight mail shall be deemed effective service.

_____
Hon. Stanley R. Chesler, U.S.D.J.

1543841v1